**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ATWOOD OCEANICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| M/V "PAC ALTAIR," her engines, boilers, | ) CIVIL ACTION NO. ___15-0456-KD___ |
| etc., *in rem*, ALTAIR MARITIME PTE | ) |
| LTD.; PACCSHIP UK LTD.; PACC | ) |
| CONTAINER LINE PTE LTD.; C.H. | ) IN REM AND IN PERSONAM |
| ROBINSON PROJECT LOGISTICS; C.H. | |
| ROBINSON WORLDWIDE, INC.; J.F. | |
| MOORE INTERNATIONAL, INC. and J.F. | |
| MOORE INTERNATIONAL (M) SDN. | |
| BHD; *in personam*, | |
| | |
| Defendants. | |

## COMPLAINT

Come now plaintiff ATWOOD OCEANICS, INC., by its attorneys, Brady Radcliff & Brown, LLP, as and for its Complaint herein, alleges upon information and belief:

## PREDICATE

1.      This civil maritime action is brought by plaintiff against various defendants to recover money arising from the ocean carriage of cargo traveling from Port Klang, Malaysia to Mobile, Alabama.  The relief sought includes compensatory damages, costs of investigation and suit, interest and attorney fees and expenses.

**JURISDICTION AND VENUE**

2.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.      This claim arises from the international ocean carriage of cargo which involves issues of international commerce and federal common law, giving rise to jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1333 and possibly 1337 in that the matter in controversy exceeds ten thousand dollars ($10,000.00), exclusive of interest and costs.  There is also supplemental jurisdiction under 28 U.S.C. Sec. 1367 in this action.

4.      There may be also diversity jurisdiction pursuant to 28 U.S.C. Sec. 1332 in that, upon information and belief, plaintiff and defendants are citizens of different states and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5.      Venue of this action is predicated upon 28 U.S.C. Sec. 1391(b)(2) and (3) in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated within the Southern District of Alabama and that at least one of the defendants is subject to this Honorable Court's personal jurisdiction with respect to the within action.

**PARTIES AND RELATIONSHIPS**

6.      Plaintiff ATWOOD OCEANICS, INC. is a Texas corporation with a principal place of business located at 15011 Katy Freeway, Suite 800, Houston, Texas  77094 and is in the business of owning and operating large scale ocean-going oil rigs to conduct drilling operations throughout the world.

7.      Defendant ALTAIR MARITIME PTE LTD. is a foreign corporation or other business entity organized under the laws of the United Kingdom with a principal place of business located c/o PACCship (UK) Ltd., 19, Buckingham Gate, London, SW1E 6LB, United Kingdom.

8.      Defendant PACCSHIP UK LTD. is a foreign corporation or other business entity organized under the laws of the United Kingdom with a principal place of business located at 19, Buckingham Gate, London, SW1E 6LB, United Kingdom.

9.      Defendant PACC CONTAINER LINE PTE LTD. is a foreign corporation or other business entity with a principal place of business located at No. 1 Kim Seng Promenade, #06-02, Great World City, Singapore  237994.

10.      Defendants ALTAIR MARITIME PTE LTD.; PACCSHIP UK LTD. and PACC CONTAINER LINE PTE LTD., at all times hereinafter alleged, were common carriers or bailees, or were agents of common carriers or bailees engaged in the international, interstate and intrastate carriage of goods for hire and, as such, their duties and responsibilities were governed by the U.S. Carriage of Goods by Sea Act, "COGSA," 46 U.S.C. Appx. Sec. 1300, et seq.

11.      Defendant C.H. ROBINSON PROJECT LOGISTICS is a corporation or other business entity organized under the laws of one of the fifty states with a principal place of business located at 10343 Sam Houston Park Drive, Suite No. 110, Houston, Texas 77064.

12.      Defendant C.H. ROBINSON WORLDWIDE, INC. is a Delaware corporation with a principal place of business located at 14701 Charlson Road, Eden Prairie, Minnesota  55347-5088.

3

13.     Defendants C.H. ROBINSON PROJECT LOGISTICS and C.H. ROBINSON WORLDWIDE, INC. are part of a conglomerate which is the one of the world's largest third party logistics providers, which represented and warranted that they provide complete, turnkey global freight forwarding services, including but not limited to the chartering of appropriate vessels for the ocean transportation of bulk cargoes, and the selection of appropriate port agents, surveyors and other experts to act in the best interests of plaintiff and plaintiff's property, especially with respect to the loading and stowage of the shipment at issue.

14.     Defendant J.F. MOORE INTERNATIONAL, INC. is a corporation or other business entity organized under one of the fifty states with a principal place of business located at 8866 Gulf Freeway, #130, Houston, Texas  77017, and is in the business of providing marine cargo engineering, consulting, inspecting and surveying services at ports throughout the world.

15.     Defendant J.F. MOORE INTERNATIONAL (M) SDN. BHD is a foreign corporation or other business entity, and is a wholly owned subsidiary or affiliated company of defendant J.F. MOORE INTERNATIONAL, INC., and is in the business of providing marine cargo engineering, consulting, inspecting and surveying services at ports throughout the world, with special emphasis in and around the area of Southeast Asia.

16.     At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated above, and were and now are engaged as surveyors, freight forwarders, charterers, bailees, or common carriers of merchandise and/or owned, operated, managed, chartered and controlled the above

4

named vessel or other conveyances.  The vessel is now, or will be within the jurisdiction of this Court during the pendency of this action.

**AS AND FOR A FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT FOR COMMON CARRIAGE**

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" of this complaint as if more fully set forth herein.

18.     On or about the dates and at the ports of shipment stated in Schedule "A", attached hereto and by this reference made a part hereof, there was delivered to the vessel and defendants in good order and condition, the shipment described in Schedule "A", which said vessel and defendants received, accepted and agreed to transport for certain consideration.

19.     Thereafter, the said vessel and defendants delivered the shipment at the port of destination described in Schedule "A", and the aforesaid shipment was short, missing, damaged and/or delayed.

20.     By reason of these premises, the above named vessel and defendants breached, failed and violated their duties and obligations as carriers, warehousemen, and bailees, or as agents for carriers, warehousemen, and bailees, and were otherwise at fault.

21.     Plaintiff was the shipper, consignee, owner and/or underwriter of the shipment described in Schedule "A", and brings this action on their own behalf and as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

22.     Plaintiff has duly performed all duties and obligations on its part to be performed.

23.      By reason of these premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $800,000.00.

24.      That by reason of defendants' willful breach of its agreement as well as its own rules and regulations, plaintiff has been damaged in the sum of $800,000.00, with interest thereon from October 14, 2014.

**AS AND FOR A SECOND CAUSE OF ACTION**
**NEGLIGENCE**

25.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "24" of this complaint as if more fully set forth herein.

26.      That defendants, their agents, servants and employees conducted themselves during the inspection, surveying, loading, discharge, stowage, custody, control, handling, transportation and care of such property in a negligent manner and in such a way as to be oblivious to specific stowage requirements for the property in question, as well as plaintiff's and its agent's rights in such property.

27.      That defendants' willful negligence and improper conduct with respect to the inspection, surveying, loading, discharge, stowage, custody, control, handling, transportation and care of such property resulted in loss, damage, deterioration and delay to the cargo.

28.      That by reason of defendants' willful negligence and improper conduct, plaintiff has been damaged in the sum of $800,000.00 with interest thereon from October 14, 2014.

### AS AND FOR A THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE

29.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "28" of its complaint as if fully set forth at length herein.

30.     The loss and/or damage of plaintiff's cargo was proximately caused by the gross negligence of defendants and/or their agents, jointly and/or severally, in total disregard of their respective obligations to properly inspect, survey, load, discharge, stow, transport, store, secure and/or handle the shipment, and generally acting in a manner so as to totally disregard their respective duties and obligations to keep and provide for the proper safety of the shipment.

31.     As a result of the gross negligence of defendants, jointly and/or severally, plaintiff has sustained damage in the sum of $800,000.00 with interest thereon from October 14, 2014.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FRAUDULDENT MISREPRESENTATION

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" of its Complaint as if fully set forth at length herein.

33.     In hiring defendants, plaintiff relied upon the integrity and representations of defendants as to their nature, extent and skill to reduce or avoid the risk of loss or damage during transit of the cargo, as well as provide suitable and safe environment for the stowage, storage and handling of the cargo.   However, because of material misrepresentations by defendants, defendants' ability to protect and/or care for the cargo was fraudulently and artificially inflated.

34.     Prior to completion of cargo loading and stowage of the shipment at Port Klang, defendants' misrepresentations as to the level and nature of protection for the cargo presented a materially misleading picture of defendants' duties and responsibilities and/or services that were to have been provided for the subject shipment.

35.     Prior to completion of cargo loading and stowage of the shipment at Port Klang, defendants knew or recklessly failed to discover that the level and nature of the services provided was inaccurate or incomplete or false or misleading.  Defendants knew of and consented to the manner in which the level and nature of care and protection for the cargo was represented to its customers and third party beneficiaries, like Plaintiff.

36.     The misrepresentations and omissions prior to the loading and stowage of the shipment were such as would induce plaintiff to misjudge the nature, extent and skill of defendants to protect the cargo during transit, as well as during storage.

37.     Plaintiff relied upon defendants' statements, which included fraudulent misrepresentations and omitted certain material facts.  As a direct result, plaintiffs have been injured and damaged in the amount of $800,000.00, or near as can now be calculated, plus interest and costs thereon from October 14, 2014.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "37" of its Complaint as if fully set forth at length herein.

39.     Prior to the shipment, defendants failed to exercise reasonable care in obtaining and communicating the correct information to plaintiff concerning the true nature, extent and ability of defendants to reduce or eliminate the risk of loss to the cargo during transit and storage.  Accordingly, defendants supplied false information for the guidance of

8

plaintiff, knowing that plaintiff intended to, and would rely upon this information. Plaintiff justifiably relied upon the information supplied by defendants to its detriment and damage.

40.     As a direct result of defendants' negligent misrepresentations prior to the loading and stowage of the shipment, plaintiff has been injured and damaged in the amount of $800,000.00, or near as can now be determined, plus interest and costs thereon from October 14, 2014.

## AS AND FOR A SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS AND IMPLIED WARRANTY

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" of its Complaint as if fully set forth at length herein.

42.     Plaintiff and/or its agents entered into a contract and agreement with defendants to provide certain transportation, freight forwarding, chartering, inspection, surveying, loading, stowage and storage services for the cargo, for which work plaintiff agreed to pay to defendants the cost thereof.

43.     Plaintiff entered into said contract with defendants relying upon an implied or express warranty by defendants that said services would be done in a careful, skillful and workmanlike manner.

44.     Defendants failed to perform said services, as provided for in the contract, in a careful, skillful and workmanlike manner, as heretofore alleged, and thereby breached the warranty entered into with plaintiff.

45.     Plaintiff has duly performed all of the conditions of said contract on its part to be performed and, as a result of the breach of warranty on the part of defendants, plaintiff has suffered the damages heretofore alleged.

9

46.     By reason thereof, plaintiff had been damaged in the sum of $800,000.00, or near as can now be calculated, plus interest and costs thereon from October 14, 2014, no part of which has been paid although duly demanded.

**WHEREFORE**, plaintiff requests:

A.      That process in due form of law according to the practice of this Court may issue against these defendants.

B.      That if defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

C.      That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this complaint, together with interest and costs.

D.      That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

E.      Plaintiff further requests such other and further relief as to this Court may

seem just and proper.

Dated:      Mobile, Alabama
            September 17, 2015

                                    BRADY RADCLIFF AND BROWN
                                    Attorneys for Plaintiff
                                    ATWOOD OCEANICS, INC.

                            By: _s/ Donald C. Radcliff_____
                                    Donald C. Radcliff (RADCD1662)
                                    61 St. Joseph Street, Suite 1600
                                    P.O. Box 1668
                                    Mobile, AL  36602
                                    (251) 405-0077
                                    dradcliff@brblawyers.com

Of Counsel:
David Y. Loh
Cozen O'Connor
45 Broadway, Suite 1600
New York, NY  10006-3792
(212) 908-1202
dloh@cozen.com